UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE

CASE NO. 16-cv-62322-WPD

SILVIA LOPEZ,

    Plaintiff,

v.

BEACH SPOT, INC. D/B/A ROCKBAR,

    Defendant.
_____/

### JOINT NOTICE OF SETTLEMENT, STIPULATION FOR DISMISSAL WITH PREJUDICE, AND MOTION TO APPROVE SETTLEMENT

The Plaintiff, Silvia Lopez ("Plaintiff") and the Defendant, Beach Spot, Inc. d/b/a Rockbar ("Defendant") by and through their undersigned counsel, jointly notify the Court that the Parties have resolved the claims in this matter and hereby stipulate to the dismissal with prejudice of this action in its entirety pursuant to the Federal Rules of Civil Procedure, subject to the Court's approval of their settlement.

The Parties jointly move the Court for entry of an Order approving the Parties' settlement and for dismissal of this action, with prejudice. To facilitate the Court's review of the Parties' settlement agreement (the "Agreement"), a copy of the executed Agreement is attached hereto.

**I.   Background**

Plaintiff asserts a claim in this action for alleged unpaid wages and unpaid minimum wages and overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA"), among other claims.

Defendant denies at least a part of Plaintiff's claims asserting, *inter alia*, that Defendant does not owe Plaintiff all compensation to which she makes claim. In support of its contention,

Defendant provided to Plaintiff's counsel time sheets and payment records, as well as information regarding the nature of Plaintiff's relationship with Defendant and her work performance.

From the onset of this litigation, the Parties laid out their respective positions on the facts and law, discussing case law and their respective positions on the application of current law to the facts of this dispute. Ultimately, the Parties were able to negotiate and agree on a settlement of this action under the terms set out in the attached Settlement Agreement.

**II.      Legal Principles**

Under well-established law, there are two ways in which claims under the FLSA can be settled and released by employees. First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employees is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a judgment approving the fairness of the settlement. *Id.; see also Schulte, Inc. v Gandi*, 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). In addressing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has explained:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial contact. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable comprise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a compromise over issues, such as FLSA coverage or computation of back wages that are actually in

> dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

The settlement of the instant action involves just such a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA wage claim. The proposed settlement arises out of an action brought by the Plaintiff against her former employer and which action is adversarial in nature. During the litigation and settlement of this action, Plaintiff was and is represented by experienced counsel.

The Parties' settlement of the unpaid FLSA claims is the result of a bona fide compromise between them on a variety of disputes of law and fact, including without limitation: (a) the amount of time Plaintiff worked without compensation, (b) whether Plaintiff worked time over forty hours in any weeks, which was not *de minimis*, but was not compensated at overtime rates for such time; (c) whether Defendant's actions were non-willful and taken in good faith and (d) whether the tip credit could be applied.  The settlement took account the time clock records of the Defendant, the Point of Sale ("POS") information reflecting orders entered into the POS System by Plaintiff and Plaintiff's good faith estimate of hours worked.

The settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues.  The Parties engaged in detailed settlement discussions, through their counsel, during which they discussed the viability of Plaintiff's claims and formulated their own proposed settlement figures.  The Parties continued to engage in settlement discussions based upon their independent calculations.  Defendant maintained that their calculations were more credible because they were based on actual time clock and POS records created by Plaintiff herself; Plaintiff maintained that information was missing from Defendant's records and that certain anomalies existed in Defendant's records, which Defendant denied.  Defendant calculated an amount probably due of less than $4,000 (and rounded it up to $8,000.00, including liquidated

damages). Plaintiff's estimates yielded a higher claim of $20,000 (doubled to $40,000 including liquidated damages). Defendant disputed the higher amount but decided to settle to avoid continuing litigation expenses. Attorneys' fees and costs of counsel for the Plaintiff were $13,366.06)

Plaintiff acknowledges in the Settlement Agreement that she has been paid and/or has received all compensation, wages, bonuses, commissions, and/or benefits which are due and payable, as of the date she signs this Agreement, and that the consideration paid to her pursuant to this Agreement fully compensates her for any and all compensation owed to her in connection with her employment with Beach Spot.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations, and agree that the terms of the settlement are fair and equitable under the circumstances. The Parties agree that the settlement adequately compensates Plaintiff for any potential minimum wage and overtime claims, and for the release of the FLSA claims signed by the Plaintiff.

Plaintiff was counseled and represented by her attorney through the litigation and settlement process, and the Settlement Agreement has been signed by all Parties.

### III.  Conclusion

The Parties jointly request that this Court approve the Parties' settlement and request that the Court dismiss this action with prejudice, reserving jurisdiction to enforce the terms of the settlement.

Respectfully submitted,

By: _s/Steven L. Schwarzberg_____          By: _s/Matthew R. McGuigan_____
Steven L. Schwarzberg, Esq.                          Matthew R. McGuigan, Esq.
Florida Bar No. 0306134                              Florida Bar No. 113357
E-mail: steve@schwarzberglaw.com                     E-mail: mmcguigan@millstonelegal.com
Secondary E-mail: mail@schwarzberglaw.com            Mill Stone Legal Group, LLC
Schwarzberg & Associates                             333 N. New River Drive E., Ste. 1000

CASE NO.: 16-cv-62322-WPD

| | |
|---|---|
| 625 North Flagler Drive, Suite 600 | Fort Lauderdale, FL 33301 |
| West Palm Beach, FL 33401 | Telephone: (754) 227-1610 |
| Telephone: (561) 659-3300 | Facsimile:  (215) 475-4764 |
| *Attorneys for Defendant* | *Attorneys for Plaintiff* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 6, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notice of Electronic Filing generated by CM/ECF and Electronic Mail.

    s/ *Matthew R. McGuigan*
    MATTHEW R. MCGUIGAN, ESQ.

## SERVICE LIST

**United States District Court for the Southern District of Florida**
*Silvia Lopez v. Beach Spot, Inc. d/b/a Rockbar*

**Case No. 16-cv-62322-WPD**

| | |
|---|---|
| Steven L. Schwarzberg, Esq. | Matthew R. McGuigan, Esq. |
| Florida Bar No. 0306134 | Florida Bar No. 113357 |
| E-mail: steve@schwarzberglaw.com | E-mail: mmcguigan@millstonelegal.com |
| Secondary E-mail: mail@schwarzberglaw.com | Mill Stone Legal Group, LLC |
| Schwarzberg & Associates | 333 N. New River Drive E., Ste. 1000 |
| 625 North Flagler Drive, Suite 600 | Fort Lauderdale, FL 33301 |
| West Palm Beach, FL 33401 | Telephone: (754) 227-1610 |
| Telephone: (561) 659-3300 | Facsimile:  (215) 475-4764 |
| Facsimile: (561) 693-4540 | *Attorneys for Plaintiff* |
| *Attorneys for Defendant* | |